IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAMONE R. POPE, | ) | |
|     Plaintiff | ) | C.A. No. 13-14 Erie |
| | ) | |
| v. | ) | District Judge McVerry |
| | ) | Magistrate Judge Baxter |
| PUBLIC DEFENDER OFFICE IN | ) | |
| CRAWFORD COUNTY | ) | |
| COURTHOUSE, | ) | |
|     Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that Defendant's motion to dismiss [ECF No. 8], be granted and this case be dismissed.

### II. REPORT

#### A. Relevant Procedural History

On January 14, 2013, Plaintiff Lamone R. Pope filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against the Public Defender Office in Crawford County Courthouse. In his complaint, Plaintiff claims that Defendant violated his constitutional right to a fair trial regarding a charge of criminal trespass that he received on January 5, 2012 in Crawford County, Pennsylvania. In particular, Plaintiff claims that the Crawford County Assistant Public Defender assigned to represent him did not have a stenographer at his preliminary hearing, which allegedly prevented him from taking his case to trial because the prosecution's conflicting statements at the hearing were not recorded. As a result, Plaintiff claims he was forced to enter a guilty plea. (ECF No. 3, Complaint, at Section IV.C). As relief for his claims, Plaintiff seeks to recover monetary damages.

On June 7, 2013, Defendant filed a motion to dismiss [ECF No. 8], arguing, *inter alia*,

that Plaintiff's claims are barred because Defendant, and its representatives, are not state actors subject to liability under 42 U.S.C. § 1983. Plaintiff has since filed a brief response to Defendant's motion [ECF No. 11]. This matter is now ripe for consideration.

### B. Standards of Review

#### 1. Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469,

at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

The Third Circuit Court prescribed the following three-step approach to determine the sufficiency of a complaint under Twombly and Iqbal:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011), citing Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 129 S.Ct. at 1947, 1950); see also Great Western Mining & Min. Co. v. Rothschild LLP, 615 F.3d 159, 177 (3d Cir. 2010).

### 2. *Pro Se* **Pleadings**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969)("petition prepared by a prisoner... may be inartfully drawn and should be read 'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a

3

complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997)(overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### C.     Discussion

Defendant argues that Plaintiff's Section 1983 claim must be dismissed because public defenders are not state actors and, thus, are not liable under 42 U.S.C. § 1983. The Court agrees. It is well-settled that a "public defender does not act under color of state law [within the meaning of Section 1983] when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981); Black v. Bayer, 672 F.2d 309 (3d Cir. 1982); Cooper v. Turner, 1987 WL 11481 at *1 (E.D.Pa. May 27, 1987). See also Briscoe v, LaHue, 460 U.S. 325, 330 (1983)("even though the defective performance of defense counsel may cause the trial process to deprive an accused person of his liberty in an unconstitutional manner ... the lawyer who may be responsible for the unconstitutional state action does not himself act under color of state law within the meaning of § 1983"). Here, the alleged actions or omissions of the Assistant Public Defender fall within the ambit of a lawyer's traditional function as criminal defense counsel. Thus, Defendant, through its representative, was not acting under color of state law and is, thus, not subject to liability under 42 U.S.C. § 1983.

## III.     CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendants' motion to dismiss [ECF No. 8] be granted and this case be dismissed.

In accordance with the Federal Magistrates Act, 28 U.S.C. ' 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

<u>/s/ Susan Paradise Baxter</u>
SUSAN PARADISE BAXTER
United States Magistrate Judge

Date: November 6, 2013

cc: The Honorable Terrence F. McVerry
United States District Judge